IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 APR -2 PM 1:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

CHARLIE STEVENSON, an          )
individual, C.V. STEVENSON, an )
individual, and                )
WILLIAM CHRISTOPHER STEWART, an)
individual,                    )
                               )
        Plaintiffs,            )
                               )
   v.                          )  CIVIL ACTION NO. 99-G-0147-S
                               )
FORD MOTOR COMPANY,            )
                               )
        Defendant.             )

ENTERED
APR 2 1999

MEMORANDUM OPINION

At this court's last motion docket the court addressed defendant Ford Motor Company's motion to dismiss plaintiff's claims for negligence, failure to recall and breach of implied warranty, ruling from the bench on the negligence claim and claim for failure to recall, said rulings memorialized by order of March 8, 1999. By order of March 8, 1999, the court established a separate briefing schedule on the motion to dismiss plaintiffs' claim for breach of implied warranty. Having considered the motion, pleadings, and applicable law, the court is of the opinion the motion should be denied: the implied warranty of merchantability runs with the vehicle to all natural persons injured by the use of the goods.

10

Alabama Code § 7-2-314 (1975) contains Alabama's general law on implied warranties. Alabama Code § 7-2-316(5) specifically sets forth the law on warranties applicable to personal injuries: "Nothing in subsection (2) or subsection (3)(a) or in Section 7-2-719 shall be construed so as to limit or exclude the seller's liability for damages for **injury to the person** in the case of consumer goods." (Emphasis added.)

Not only does Alabama law preclude limitation of implied warranties for injury to persons in the case of consumer goods, Section 8-2-318 extends that warranty to third persons: "A 'sellers' warranty, whether express or implied, extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section." *See Simmons v. Clemco Industries*, 368 So. 2d 509, 523 (Ala. 1979) ("[T]he legislature has eliminated the requirement of privity when the breach causes personal injury and has extended the right to recover for such

injuries to the third party beneficiaries of the warranty, i.e., the warranty beneficiaries."); *Bishop v. Sales*, 336 So. 2d 1340 (Ala.1976) ("By its terms a 'seller' is anyone who sells, including a manufacturer or distributor. Thus, a manufacturer's or distributor's warranty extends to 'any natural person if it is reasonable to expect that such person may use, consume, or be affected by the goods and who is injured in person by the breach of the warranty.'"). *See also*, *Palm Harbor Homes, Inc. v. Crawford*, 689 So. 2d 3, 6 n.1 (Ala. 1997) ("A breach of warranty action extends beyond the purchaser to any natural person if it is reasonable to expect that the person may use, consume, or be affected by the product and the person suffers injury because of the breach of warranty.").

ALABAMA PATTERN JURY INSTRUCTION CIVIL 32.07, set forth below, is consistent with the code sections cited above and with the court's previous ruling allowing the negligence claim to remain in the case:

> The manufacturer of a product which may be reasonably anticipated to be dangerous if used in a way which he should reasonably foresee it would be used is under a duty to exercise reasonable

3

care to give reasonable and adequate warning of any dangers known to him, or which in the exercise of reasonable care he should have known and which the user of the product obviously could not discover. Reasonable care means that degree of care which a reasonably prudent person would exercise under the same circumstances.

In the case at bar Ford manufactured the vehicle. The warranty generated when the product was new still runs. It is immaterial that the original purchaser no longer owns the vehicle. The implied warranty runs with the vehicle and the claim for personal injury remains in the case.

The court has previously allowed the negligence claim to remain in the case.[1] It is the rationale of this court that if a failure to warn makes a product defective (when it would not otherwise be defective), and the seller/manufacturer does not warn the public, the tort is subsumed by the Alabama Extended Manufacturer's Liability Doctrine. If, however, the product is defective without the

---

[1] This negligence claim exists only as to negligent or wanton failure to warn after the product has entered the stream of commerce. Limited dangers may be discovered thereafter on a product not defective when it entered the market. The court is not ruling out a separate claim for a possible defect's being discovered and hidden after its discovery.

failure to warn, a separate tort for negligent failure to warn may exist independent of the Alabama Extended Manufacturer's Liability Doctrine, if there is no warning after the product enters the stream of commerce.[2] Plaintiff has the right to try to prove this claim.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 2nd day of April 1999.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

---

[2] Some products are inherently dangerous. Others become dangerous if used in a particular way. They, therefore, require a warning against that particular use. For example, therapeutic inhalers may contain chemicals dangerous to the public no matter how they are used. Asthma steroid inhalers are safe only with the use of an extender, requiring a warning, although not defective as manufactured.